BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
FILED
MAR 19 1974
PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE NATURAL RESOURCES FUND, INC. SECURITIES LITIGATION ) DOCKET NO. 149

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

This litigation concerns the sale of preorganization limited partnership subscriptions in oil and gas ventures in which Natural Resources Fund, Inc. acted as general partner. Plaintiffs, purchasers of limited partnership subscriptions, allege that Natural Resources Fund, its affiliates and former directors violated federal securities laws in connection with the sales of the partnership interests. In a somewhat related action[1/], filed in the Eastern District of California, plaintiffs alleged breach of an oral contract to redeem partnership interests but do not allege securities laws violations. Several of the corporate defendants move the Panel for an order transferring the actions, including the California contract action, to the District of Kansas for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. The accounting firm of Elmer Fox and Co., a plaintiff who filed his individual action in the Southern District of New York, and plaintiffs in the California contract action oppose transfer. We find that all

---

1/ Gene E. Bigham, et al. v. Natural Resources Fund, Inc., et al., E.D. California, Civil Action No. S-2605

actions, except the California contract action, involve common questions of fact and that their transfer to the District of Kansas for coordinated or consolidated pretrial proceedings will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Plaintiffs in the California contract action oppose transfer on the ground that their action does not contain allegations of violations of the securities laws. We agree with plaintiffs that discovery in their action only concerns proof of the existence of an oral contract and the alleged breach thereof, and will not be relevant to the overall subscription selling operations and alleged securities laws violations that are the focus of the other six actions. Thus, isolated both factually and legally, no purpose would be served by transfer of this action under Section 1407. The accounting firm opposing transfer argues that the actions to which it is a party involve non-common issues such as the professional liability of certified public accountants. The individual New York plaintiff stresses that transfer of his action will cause needless complication and delay. These arguments are not persuasive. All the securities actions contain substantially similar complaints and will involve common discovery of the same subscription selling techniques. Any non-common issues can be expeditiously resolved by the transferee judge without sacrificing the benefits of coordinated or consolidated pretrial proceedings.

In addition, several of these actions contain Rule 23 class allegations encompassing all limited partners in all of the partnerships, and the potential for conflicting class determinations by the transferor courts is readily apparent. This presents another highly persuasive if not compelling reason for transfer of all actions to a single judge. In re Equity Funding Corporation of America Securities Litigation, ___ F. Supp. ___ (J.P.M.L., filed February 1, 1974).

The District of Kansas is the most appropriate transferee forum because it is the center of gravity of this litigation. Bankruptcy proceedings are pending in that district and discovery will focus on documents and witnesses located in Wichita, the home of Natural Resources Fund, Inc. Indeed, one of the actions has been transferred to the District of Kansas under Section 1404(a) [2/] and the Panel has often cited such transfers as persuasive reasons for choosing the same district as the transferee forum for Section 1407 proceedings. See, e.g., In re Master Key Antitrust Litigation, 320 F. Supp. 1404, 1406 (J.P.M.L. 1971).

IT IS THEREFORE ORDERED that all actions listed on the attached Schedule A pending in districts other than the District of Kansas be, and the same hereby are, transferred to the District of Kansas and, with the consent of that court, assigned to the Honorable Wesley E. Brown for coordinated or

2/ The action entitled Roy B. Johnson, et al. v. Natural Resources Fund, Inc., et al., was transferred by the Honorable James A. Coolahan, of the District of New Jersey, to the District of Kansas pursuant to 28 U.S.C. §1404(a).

consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.

IT IS FURTHER ORDERED that transfer of the action entitled Gene E. Bigham, et al. v. Natural Resources Fund, Inc., et al., E.D. California, Civil Action No. S-2605, be, and the same hereby is, DENIED.

SCHEDULE A

DOCKET NO. 149

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert A. Krieger, et al. v. Tilco, Inc., et al. | Civil Action No. 72-740-LTL |
| Robert A. Krieger, et al. v. Hinton Jones & Co., Inc., et al. v. Tilco, Inc., et al. | Civil Action No. 72-1734-F |

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Sanford Freeman, et al. v. Natural Resources Fund, Inc., et al. | Civil Action No. 72-2473-T |

DISTRICT OF CONNECTICUT

| | |
|---|---|
| Lester Katz, et al. v. Tilco, Inc., et al. | Civil Action No. 15060 |

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Adrian Skydell, etc. v. Natural Resources Fund, Inc., et al. | Civil Action No. 71 Civ. 3725 |

DISTRICT OF KANSAS

| | |
|---|---|
| Roy B. Johnson, et al. v. Natural Resources Fund, Inc., et al. | Civil Action No. W-5307 |